**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Hildeliza Becerra Lizarraga,<br>Petitioner,<br>v.<br>Markwayne Mullin, et al.,<br>Respondents. | No. CV-26-07160-PHX-JZB<br>**ORDER** |

Pending before the Court is Petitioner Hildeliza Becerra Lizarraga's "Petition for Writ of Habeas Corpus[.]" (Doc. 1.) In the Petition, Petitioner asserts that her September 16, 2026, bond redetermination hearing was constitutionally deficient. (*Id.* at 2.) The Court agrees for two reasons. First, the Immigration Judge's ("IJ") oral and written decisions failed to address highly probative or potentially dispositive evidence in Petitioner's favor such as her length of residency in the U.S., her employment, and her three children residing in the counter—one of which is a U.S. citizen and another is a lawful permanent resident. This alone rendered her bond redetermination hearing constitutionally inadequate. Second, the IJ, in his written decision, relied on materially false information to find that Petitioner was a danger to the community and a flight risk. Given the foregoing, the Court finds that Petitioner's due process rights were violated, entitling her to be immediately released.

## I. Background.

Petitioner is a native and citizen of the Mexico. (*Id.* at 8.) Petitioner entered the country on or about April 2005 and has continuously lived in the country for over 21 years.

(*Id.* at 1–2.)

Following her entry into the United States, Petitioner openly resided in country, has had no criminal record, maintained employment with the cleaning company she has owned and operated, has a U.S.-citizen sister, and has three children—one of which is a U.S. citizen and another is a lawful permanent resident. (*Id.* at 9); see generally (doc. 11) (containing an audio recording discussing these facts).

On August 19, 2026, Petitioner was detained by U.S. Immigration and Customs Enforcement ("ICE") as she arrived for a 6:00 am church service at Immaculate Heart of Mary Church, a service that she regularly attended. (Doc. 1 at 9.) Petitioner was not the target of ICE's raid upon the church, but she was picked up nonetheless. (Doc. 11 at 02:30–02:51.)

On September 16, 2026, Petitioner was provided with a bond redetermination hearing. (Doc. 1 at 11.) During the hearing, Petitioner—through counsel—argued that she was neither a flight risk nor a danger to the community. *See generally* (doc. 11.) At the end of the hearing, the IJ denied bond, finding that Petitioner was a flight risk and danger to the community because of her unlawful entry into the country and driving in the country without a valid U.S. driver's license—at the time, Petitioner was driving with a Mexican driver's license. *See* (doc. 11 at 09:18–09:35, 10:14–11:23.) In his written decision, wherein the IJ used masculine pronouns in reference to Petitioner, who is a woman, the IJ similarly found that Petitioner was a flight risk and a danger to the community due to "a previous DUI." (Doc. 1-1 at 2.) There are two substantial inaccuracies in the written decision: (1) Petitioner is a woman, not a man; and (2) Petitioner has never had an arrest, charge, or conviction for a DUI. (Doc. 1 at 11.)

Following the bond denial, Petitioner filed the instant Petition on October 11, 2026. *See generally* (*id.*)

## II. 28 U.S.C. § 2241 WRIT OF HABEAS CORPUS.

The district court is empowered to issue a writ of habeas corpus where an individual is held "in custody in violation of the Constitution or laws or treaties of the United States[.]"

28 U.S.C. § 2241(c)(3). The language of § 2241 and "the common-law history of the writ" makes clear "that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (noting that the writ of habeas corpus "was early recognized by [the Supreme] Court as a 'great constitutional privilege'") (quoting *Ex parte Bollman*, 8 U.S. (4 Cranch) 75, 95 (1807)); *cf. In re Kaine*, 55 U.S. (14 How.) 103 (1852) (applying the writ of habeas corpus in the immigration context). The Supreme Court has made clear that § 2241 applies to noncitizens[1] challenging their immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

Because Petitioner only challenges the bond hearing she received, the Court has jurisdiction to address the instant Petition. *See Lopez-Marroquin v. Barr*, 955 F.3d 759, 759 (9th Cir. 2020) ("[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of the removal order[.]").

## III. DISCUSSION.

The crux of the instant dispute is whether Petitioner—who is detained pursuant to 8 U.S.C. § 1226(a)—was provided a constitutionally and legally adequate bond hearing. To answer this question, the Court must first address whether Petitioner needed to exhaust her administrative remedies before bringing the instant action. If not, the Court will then address the merits of Petitioner's claim.[2]

---

[1] Undersigned shall use the term 'noncitizen' unless a quoted statute or court decision uses the term 'alien.' This usage is congruent with the Ninth Circuit Court of Appeals' precedent, such as *Avilez v. Garland*, which specifically stated:

> This opinion uses the term noncitizen unless quoting language from the immigration statutes or past opinions containing the term alien. There are two reasons behind this choice. First, use of the term noncitizen has become a common practice of the Supreme Court[.] Second, even if that were not the case, careful writers avoid language that reasonable readers might find offensive or distracting—unless the biased language is central to the meaning of the writing. The word alien can suggest "strange," "different," "repugnant," "hostile," and "opposed," . . . while the word noncitizen, which is synonymous, . . . avoids such connotations. Thus, noncitizen seems the better choice.

*Avilez v. Garland*, 69 F.4th 525, 527 n.1 (9th Cir. 2023) (cleaned up).

[2] Generally, federal courts do not have jurisdiction to review discretionary bond decisions. *See* 8 U.S.C. § 1226(e). Pursuant to that statute:

**A. Prudential Exhaustion.**

Respondent opines that Petitioner's Petition should be dismissed because she failed to exhaust her administrative remedies by not appealing the IJ's bond redetermination order. (Doc. 8 at 2) (citing *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011)). The Court disagrees.

28 U.S.C. § 2411 "does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus." *Laing v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004) (citation omitted). However, "[a]s a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012). "Because exhaustion is not required by statute, it is not jurisdictional." *Brown v. Rison*, 895 F.2d 533, 535 (9th Cir. 1990), *overruled on other grounds by Reno v. Koray*, 515 U.S. 50, 54–55 (1995). Where exhaustion of administrative remedies is not jurisdictional, "the district court must determine whether to excuse the faulty exhaustion and reach the merits, or require petitioner to exhaust his administrative remedies before proceeding in court." *Id.* "Courts may require prudential exhaustion if[:] (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3)

---

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

8 U.S.C. § 1226(e).

Nevertheless, federal courts may review habeas challenges to an IJ's application of a legal standard—including the determination of flight risk—to determine "whether an IJ correctly applied the [legal] standard to a given set of facts." *Martinez v. Clark*, 124 F.4th 775, 782–83 (9th Cir. 2024) (quoting *Wilkinson v. Garland*, 601 U.S. 209, 221–22 (2024)). Hence, § 1226(e) "precludes federal courts from reviewing 'underlying factual determinations,'" including "'credibility, the seriousness of a family member's medical condition, or the level of financial support a noncitizen currently provides,'" but does not bar courts from reviewing pure legal questions or mixed questions of law and fact, "even when they are primarily factual[.]" *Id.* at 782–83 (quoting *Wilkinson*, 601 U.S. at 225). The IJ's determinations of these questions are reviewed for abuse of discretion. *Id.* at 784. The Court "cannot reweigh evidence," but it can determine whether the IJ "applied the correct legal standard." *Id.* at 785 (citation omitted).

For the foregoing reasons, Petitioner's allegation that the IJ abused his discretion when he determined that Petitioner was an flight risk despite strong facts to the contrary is a mixed question of law and fact that the Court has jurisdiction to review.

administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (citations omitted). However, courts may waive the exhaustion requirement when administrative remedies are inadequate, irreparable injury may occur without immediate judicial relief, or exhaustion otherwise would be futile. *See Laing*, 370 F.3d at 1000–01.

The Court finds that the prudential exhaustion requirement should be waived, even if the *Puga* factors weigh in favor of exhaustion, because appealing the IJ's bond decision would be futile and would inflict an irreparable injury upon Petitioner. *See Martinez v. Mattos*, No. 2:26-cv-01427-JAD-BNW, 2026 U.S. Dist. LEXIS 228665, at *5 (D. Nev. Oct. 6, 2026) ("Detention without a constitutionally adequate bond hearing is irreparable injury.") (citing *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017) ("It is well established that the deprivation of constitutional rights unquestionably constitutes irreparable injury.") (citation omitted)).

**B. The IJ Abused His Discretion by Denying Bond**.

The Court's review of an IJ's bond determination is limited.[3, 4] When determining whether a noncitizen is a danger to the community or risk of flight, an IJ normally weighs

---

[3] *See supra* note 2.

[4] Federal courts of appeals are split on whether a petitioner or the government bears the burden of proof at a bond hearing. The First and Second Circuits have held that the government bears the burden of proof. *See Hernandez-Lara v. Lyons*, 10 F.4th 19, 39 (1st Cir. 2021) ("We therefore conclude that the government must bear the burden of proving dangerousness or flight risk in order to continue detaining a noncitizen under section 1226(a)"); *see also Lopez v. Decker*, 978 F.3d 842, 856–57 (2d Cir. 2020) ("We therefore conclude that the district court's order requiring the Government to prove that Velasco Lopez is a danger to the community or a flight risk by clear and convincing evidence to justify his continued detention strikes a fair balance between the rights of the individual and the legitimate concerns of the state.") (citation omitted). The Third and Fourth Circuits disagree, instead placing the burden upon the Petitioner. *See Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 279 (3d Cir. 2018) (finding that placing the burden on a petitioner detained pursuant to § 1226(a) did not violate the Equal Protection Clause); *see also Miranda v. Garland*, 34 F.4th 338, 365 (4th Cir. 2022) (placing burden on petitioner). And, in our own Circuit, "it is an 'open question . . .' as to whether the Constitution requires 'hearings at which the Government bears the burden of proving by clear and convincing evidence that a noncitizen is a danger to the community or a flight risk.'" *Wen Chen v. Hernandez*, No. 2:26-cv-02053-TLF, 2026 U.S. Dist. LEXIS 168805, at *10 (W.D. Wash. July 29, 2026) (quoting *Charan S. v. Warden of the Cal. City Det. Facility*, No. 1:26-cv-03017-TLN-JDP, 2026 U.S. Dist. LEXIS 93339, at *12 n.7 (E.D. Cal. Apr. 27, 2026)). Because the IJ abused his discretion by relying on insufficient evidence to conclude Petitioner was a flight risk, the Court will assume without deciding that the burden of proof was on Petitioner.

nine factors, pursuant to BIA precedent. *Minango v. Bondi*, No. 2:26-cv-00235-ART-BNW, 2026 U.S. Dist. LEXIS 101189, at *8 (D. Nev. May 6, 2026) (citing *Matter of Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006)). The nine factors an IJ "'may' consider 'include any or all of the following'":

> (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.

*Martinez v. Clark*, 124 F.4th 775, 783 (9th Cir. 2024) (quoting *Guerra*, 24 I. & N. Dec. at 40).

"An IJ's application of the above standard 'is malleable and involves agency discretion,' but a federal court can still 'assess whether an IJ correctly applied the legal standard to a given set of facts.'" *Garcia-Merino v. Hernandez*, No. 26-cv-1911, 2026 U.S. Dist. LEXIS 164999, at *10–11 (W.D. Wash. July 24, 2026) (quoting *Martinez*, 124 F.4th at 783); *Segura Serrano v. Scott*, No. 2:26-CV-01268-LK, 2026 U.S. Dist. LEXIS 115824, at *13–14 (W.D. Wash. May 26, 2026) (finding there was jurisdiction to review the IJ's determination of flight risk where Petitioner alleged the IJ did not apply the *Guerra* factors correctly); *Zaitsev v. Warden*, No. 2:26-CV-00454-SPG-AS, 2026 U.S. Dist. LEXIS 30181, at *30–31 (C.D. Cal. Feb. 9, 2026) (finding that "[i]n light of *Martinez*, courts may review an IJ's finding that [a noncitizen] poses a flight risk for abuse of discretion");

The IJ, in his written decision denying Petitioner's request for release on bond, stated the following:

> The Court finds that the [Petitioner] has failed to meet ***his*** burden of proving ***he*** is not a flight risk if released on bond, finds that the [Petitioner] is properly detained without bond, and declines to set bond in his case. [Petitioner] has shown that ***he*** cannot abide by the laws of the United States and State. [Petitioner] entered without inspection. This is indicia that [Petitioner] cannot follow the law which leaves to question if ***he*** would

> appear at future hearings that are Ordered by the Court.
>
> Further, the Court finds that [Petitioner] has failed to meet ***his*** burden of proving ***he*** is not a danger is released on bond, finds that the [Petitioner] is properly detained without bond, and declines to set bond in this case. [***Petitioner***] ***has a previous DUI***. ***Thus*** [***Petitioner***] ***is a danger***.

(Doc. 1-1 at 2) (emphasis added).

Before the Court proceeds with its analysis, it must make two points crystal clear. First, even though Petitioner is a woman, the IJ used masculine pronouns in his written decision. Second, Petitioner has never had a DUI charge, arrest, or conviction. These facts lead undersigned to find that the IJ relied upon another noncitizen's facts when issuing his decision on Petitioner's bond redetermination hearing. Both parties appear to agree that the written decision does not reflect Petitioner's bond hearing. *See* (doc. 8 at 2) ("Though it contains Petitioner's information, the content of the order appears to reflect a different petitioner's bond hearing."); *see also* (doc. 1 at 17) ("Petitioner has no prior DUI, and no DUI was identified, alleged, or supported by evidence during her bond hearing. The written order therefore introduces a material adverse assertion that Petitioner had no opportunity to address during the proceedings. Its repeated references to Petitioner using male pronouns further reinforce the concern that the determination was not based on her individual circumstances.").

Putting a pin in the prior considerations, the Court next turns to the IJ's oral decision. Here, the IJ stated the following:

> The Court will deny bond in this proceeding. The Court finds both danger and flight risk. With regard to danger, [Petitioner] has not met her burden to show she is not a danger. The Court looks at driving in Arizona, or any other state without a valid driver's license is a danger to the public. Furthermore, the Court finds that [Petitioner] is a flight risk due to disregard of the laws of, uh, the United States and the state of Arizona. Again, with regard to having a driver's license, [Petitioner] has not obtained a valid Arizona driver's license that would lawfully allow her to drive in Arizona. Manner of entry, is entered without inspection, which shows disregard of the law. Based on those two, the Court will find the bond is denied for both flight risk and danger.

(Doc. 11 at 10:14–11:23.)

As an initial point, the Court notes that the IJ—in his written and oral decisions—did not cite to every piece of evidence in the record. Nor does he need to. *Cf. Larita-Martinez v. Immigr. & Naturalization Serv.*, 220 F.3d 1092, 1096 (9th Cir. 2000); *Cole v. Holder*, 659 F.3d 762, 772 (9th Cir. 2011) ("In particular, where potentially dispositive testimony and documentary evidence is submitted, the BIA must give reasoned consideration to that evidence."). "But when there is an indication that something is amiss, like if the [IJ] 'misstates the record' or 'fails to mention highly probative or potentially dispositive evidence,'" then a court should take notice. *C.A.R.V. v. Wofford*, No. 1:25-cv-01395-JLT-SKO, 2026 U.S. Dist. LEXIS 17595, at *20–21 (E.D. Cal. Jan. 29, 2026).

That is the situation here. The IJ's written and oral decisions, in which he did not provide any explanation of his findings beyond providing cursory conclusions, leaves the Court to speculate how the IJ viewed the evidence in light of the *Guerra* factors. Here, the only findings that ***actually*** pertained to Petitioner were that she has driven in the country without a valid U.S. driver's license and her unlawful entry into the country more than two-decades ago. (Doc. 11 at 10:14–11:23.) The IJ patently failed to discuss, let alone consider, highly probative evidence that favored Petitioner, such as her two-decade residency in the U.S., her children in the country which includes a U.S. citizen child, her employment history, lack of criminal activity, *etc.* Given the IJ's failure to consider "the significant evidence showing Petitioner is fixed and stable with [her] family in [her] community," the Court has sufficient cause to end its analysis here and find that "the IJ abused his discretion when he denied Petitioner's bond request." *Soriano v. Hernandez*, 830 F. Supp. 3d 1071, 1080 (W.D. Wash. 2026). However, this is not the only due process violation present in Petitioner's bond redetermination hearing.

The matter that the Court is most concerned with is the IJ's reliance upon facts in his written decision that were wrongfully attributed to Petitioner. "There cannot be a correct application of a standard to a set of facts when the facts relied on are incorrect." *Cardenas v. Blanche*, No. 2:26-cv-01487-MMD-EJY, 2026 U.S. Dist. LEXIS 160815, at

*12 (D. Nev. July 21, 2026) (quoting *K.G.M.Q. v. Bondi*, No. 2:26-cv-00506-TL, 2026 U.S. Dist. LEXIS 78089, at *30 (W.D. Wash. Apr. 9, 2026)). Where an IJ has relied upon "materially false information in their bond denial order," they have violated the petitioner's due process rights. *Solorio v. Blanche*, No. 2:26-cv-00976-ART-DJA, 2026 U.S. Dist. LEXIS 210743, at *10 (D. Nev. Sep. 17, 2026).

Based upon the record before the Court here, it is apparent that (a) Petitioner is a woman, not a man, and (b) she does not have any criminal arrests, charges, or convictions. However, the IJ relied upon both as a justification for finding Petitioner to be a flight risk and a danger to the community. In doing so, the Court is left with no other conclusion than the IJ relied upon another individual's facts and circumstances in finding that Petitioner was a flight risk and a danger to the community. By doing so, the IJ clearly violated Petitioner's due process rights by relying upon materially false information.

## IV. CONCLUSION.

Because of the IJ's reliance upon facts improperly attributed to Petitioner, and given his failure to consider probative evidence in her favor, Petitioner's bond hearing was constitutionally inadequate. Consequently, the Court must consider what relief Petitioner is entitled to. "Federal courts have a fair amount of flexibility in fashioning specific habeas relief." *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005). In situations where a petitioner's bond hearing was legally and constitutionally inadequate, some courts within the Ninth Circuit have ordered the petitioner's immediate release. *See Hernandez v. Hernandez*, No. 2:26-cv-01574-GJL, 2026 U.S. Dist. LEXIS 132964, at *24–25 (W.D. Wash. June 15, 2026) ("The bond hearing at issue was conducted pursuant to a prior grant of habeas relief, in which the Court ordered Respondents to provide Petitioner with a legally sufficient custody determination. . . . Accordingly, the Court concludes that no further immigration bond proceedings are necessary or appropriate."); *see also Velasquez v. Bondi*, No. 26-cv-01759-GPC-DDL, 2026 U.S. Dist. LEXIS 85165, at *18 (S.D. Cal. Apr. 16, 2026); *Lopez v. Hernandez*, 830 F. Supp. 3d 1097, 1103 (W.D. Wash. 2026); *Minango*, 2026 U.S. Dist. LEXIS 101189, at *12; *Benipal v. Rokosky*, No. CV-26-01306-

PHX-RM, 2026 U.S. Dist. LEXIS 106634, at *2 (D. Ariz. May 14, 2026); *Soriano*, 830 F. Supp. 3d at 1081. Conversely, some have ordered the petitioner to be provided a new bond hearing. *See Kharis v. Sessions*, No. 18-cv-04800-JST, 2018 U.S. Dist. LEXIS 190082, at *32 (N.D. Cal. Nov. 6, 2018); *see also S.E. v. Noem*, No. 1:26-cv-00356-DAD-SCR, 2026 U.S. Dist. LEXIS 65253, at *6 (E.D. Cal. Mar. 26, 2026); *cf. Fabian-Perez v. Rokosky*, No. CV-26-01990-PHX-JJT (JZB), 2026 U.S. Dist. LEXIS 152699, at *3 (D. Ariz. July 10, 2026).

Under the circumstances of the instant action, "the Court finds no basis for Petitioner's continued detention and concludes immediate release with reasonable conditions of supervision is the appropriate remedy." *Soriano*, 830 F. Supp. 3d at 1081.

Accordingly,

**IT IS ORDERED** that Petitioner's Petition for Writ of Habeas Corpus (doc. 1) is **GRANTED** as to her request for immediate release from DHS custody.

**IT IS FURTHER ORDERED** that Respondents shall **IMMEDIATELY** release Petitioner from DHS custody.

**IT IS FURTHER ORDERED** that Respondents shall provide a notice of compliance within **THREE (3) DAYS** of releasing Petitioner from DHS custody.

**IT IS FURTHER ORDERED** that any pending motions are denied as moot and the Clerk of Court shall enter judgment in Petitioner's favor and close this case.

Dated this 19th day of October, 2026.

Honorable John Z. Boyle
United States Magistrate Judge